UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

CR 05 101 ML

UNITED STATES OF AMERICA :
:
V. : Cr. No.
:
FRANCISCO TORRES, aka Ponch :

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, FRANCISCO TORRES, a/k/a Ponch, have reached the following agreement:

1. Defendant's Obligations.

a. The Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges the Defendant with knowingly and intentionally using a communication facility, that is a cellular telephone, in committing, causing and facilitating the commission of a violation of 21 U.S.C. §§ 841 and 846, that is knowingly and intentionally combining, conspiring, confederating and agreeing with another person, to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, all in violation of 21 U.S.C. § 843(b). Defendant will plead guilty to the Information.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. If the Defendant has a prior felony drug conviction, the government agrees not to file a sentencing enhancement information pursuant to 21 U.S.C. § 851.

f. If the government, in its sole discretion, determines that Defendant has provided substantial assistance to the government in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline sentencing range. Defendant understands that the decision whether to file such a motion is solely up to the United States Attorney's Office and the decision whether, and to what extent, to grant it is solely up to the Court. The government has not made any promise or representation about what sentence it will recommend if it files such a motion or what sentence the Court will impose.

3. Defendant understands that the United States Sentencing Guidelines (the "guidelines") are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the guideline range for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines, provided that the defendant does not seek a downward departure under the guidelines or advocate for a sentence below the guideline range.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and the defendant enters his plea of guilty pursuant to this agreement, the government will move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby forcing the government to prepare for trial.

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

a. The substance involved is cocaine and the government would have proven these facts beyond a reasonable doubt; and,

b. The total net weight of the cocaine involves approximately 1 kilogram, and the government could have proven that fact beyond a reasonable doubt.

c. The defendant was a minor participant in any criminal activity, as defined by U.S.S.G. §3B1.2.

d. The parties agree that the Defendant is not greater than a criminal history category II.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are:

a) four (4) years imprisonment;

b) a fine of up to $250,000;

c) a term of supervised release of up to one year; and

d) a mandatory special assessment of $100.

7. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the Defendant any statement that the Defendant gives under oath;

b. Defendant has the right to plead not guilty , or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and that

f. Defendant waives these trial rights if the court accepts a plea of guilty.

g. Defendant has also been advised that the government has in its possession items of physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of these items. Defendant understands that he could request DNA testing of evidence in this case in the current proceedings. Defendant further understands that, if this court enters a judgment of conviction for the offense to which he is about to plead guilty, Defendant could request DNA testing of evidence in this case after conviction under the conditions specified in 18 U.S.C. § 3600.

Knowing and understanding his right to request DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offense to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for

its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he has the right to file a direct appeal, a collateral attack under 28 U.S.C. § 2255, or other requests for post-conviction relief. Defendant hereby waives his right to file a direct appeal. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all his obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| FRANCISCO TORRES a/k/a Ponch<br>Defendant | 9. 12- 05<br>Date |
| RICHARD K. CORLEY<br>Counsel for Defendant | 9/12/05<br>Date |
| MARY E. ROGERS<br>Assistant U.S. Attorney | 9-16-05<br>Date |
| KENNETH P. MADDEN<br>First Assistant U.S. Attorney | 9-15-2005<br>Date |